HUNT *v.* THE MISCHIEF and another.[1]

*(District Court, E. D. New York.   September 23, 1887.)*

COLLISION—TUGS AND TOWS—NARROW CHANNEL—OVERTAKING VESSEL—PREMATURE START.

The evidence indicating that the tug B., after she had turned to the side of the narrow channel of Newtown creek, and had slowed to allow the tug M. and her tow to pass her, started her engine again while the M. was passing, and thereby ran against the latter's tow, forcing libelant's boat against a dock, *held*, that the tug B. was solely liable for the resulting damage.

*Hyland & Zabriskie*, for libelant.
*Edwin G. Davis*, for the Martha Bogart.
*Alexander & Ash*, for the Mischief.

BENEDICT, J.   The decision of this case depends upon the determination of a single question of fact, namely, whether the tug Martha Bogart, after she had turned to the side of the narrow channel of Newtown creek, and had slowed to allow the tug Mischief and her tow to pass up to port of her, started her engine again while the Mischief was passing, and thereby ran against the canal-boat in tow of the Mischief, and so caused such a change of position in the respective boats as to force the libelant's canal-boat against the dock above, called "Cooper's Dock," whereby she sustained the damage sued for.   Upon this question my opinion is that the weight of the evidence is clearly with the contention of the Mischief, and shows that the damage which the libelant's boat received by striking Cooper's dock was not caused by any negligence on the part of the Mischief, but by the wrongful action of the Martha Bogart in starting her engines, and pushing against the libelant's boat in the way she did, while the Mischief was in the act of passing.

The libelant must have a decree against the Martha Bogart for his damages, and the libel, as against the Mischief, must be dismissed, with costs.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.